IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARIE E. BELL, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 4:16cv00849-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Ms. Bell has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 10-18.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.   *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.   Therefore, they will not be repeated in this opinion except as necessary.   After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is forty-six years old.   (Tr. 41.)   She has a high school education and past work as a line assembly utility worker and cashier.   (Tr. 16-17.)

The ALJ[1] found Ms. Bell met the disability eligibility requirements to apply for disability insurance benefits.   (Tr. 12.)   She has "severe" impairments in the form of diabetes mellitus with peripheral neuropathy, obesity, and hypertension.   (*Id*.)   The ALJ further found Ms. Bell did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]   (Tr. 13-14.)

The ALJ determined Ms. Bell had the residual functional capacity to perform a full range of sedentary work given her physical impairments.   (Tr. 14.)   The ALJ determined Ms. Bell could no longer perform her past work, so the ALJ utilized the Medical-Vocational Guidelines to determine if jobs existed that Plaintiff could perform despite her impairments.   (Tr. 17.)   The ALJ

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

concluded, "Based on a residual functional capacity for the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of 'not disabled' is directed by Medical-Vocational Rule 201.28." (Tr. 17.)  Accordingly, the ALJ determined Ms. Bell was not disabled. (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.)  Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ erred by determining her neuropathy and depression were not "severe." (Doc. No. 12 at 8-10.)  If these impairments were considered to be "severe," they would, by definition, limit Plaintiff's ability to perform basic work activities. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008).  It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).  To the contrary, a non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

After review of the record, I find no error here.  First, a diagnosis does not necessarily mean the impairment is "severe."  The determination at step two is based *solely* on the medical evidence.  *Riley v. Shalala*, 849 F. Supp. 679, 681 (E.D. Ark. 1993), aff'd, 18 F.3d 619 (8th Cir. 1994).  And there is very little medical evidence to show these conditions impacted Ms. Bell's ability to perform work related activities.  Accordingly, I find no merit to her argument on this point.

Plaintiff also argues that the ALJ erred by concluding she maintained the residual functional capacity to perform the full range of sedentary work.  (Doc. No. 12 at 12-13.)  I have carefully considered Plaintiff's argument and find that the record provides sufficient evidence to support the ALJ's findings in this regard.  On this issue, Plaintiff mainly continues her argument regarding the effects of her depression.  However, as previously noted, I find little evidence to support Plaintiff's contention her depression significantly limits her ability to perform basic work activities.  And although Abesie Kelly, Ph.D., only reviewed the medical evidence and did not have the benefit of examining Ms. Bell, she concluded Plaintiff "has no mental limits."  (Tr. 57.)  Dr. Kelly's opinion on this point constitutes substantial evidence upon which the ALJ could rely.  As far as Plaintiff's physical residual functional capacity, I find the evaluation by Ahmad Al-Khatib, M.D. supports the ALJ's conclusion that Ms. Bell was capable of performing the full range of sedentary work.  (Tr. 458-468.)  I am sympathetic to Ms. Bell's claims as she clearly has some limitations.  But the overall medical evidence provides substantial support for the ALJ's determination that she could perform work at the sedentary exertional level.

With regard to Ms. Bell's argument that the ALJ failed to develop the record (Doc. No. 12 at 5-7), Plaintiff bears a heavy burden in showing the record has been inadequately developed.

She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither.  The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  In this case, the record was sufficient upon which to make an informed decision.

Plaintiff had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.

It is not to say there is not objective evidence to support Ms. Bell's allegations.  But to find Plaintiff was disabled would require heavy reliance on her subjective complaints.  Although Plaintiff disagrees (Doc. No. 12 at 10-12), the ALJ properly discounted those complaints.  (Tr. 14-16.)  The ALJ's credibility assessment was sound given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, and Plaintiff's functional capabilities.  See *Thomas v. Sullivan*, 928 F.2d 255, 259-60 ( 8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989).  The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989).

Plaintiff has advanced other arguments I find are without merit.  Ms. Bell's counsel has done an admirable job advocating for her client.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g.,*

*Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 7th day of July, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE